*Scott *against* Gibbs.(a)                [*116]

An affidavit to change the venue made by the defendant's attorney, stating that the plaintiff *confessed* that the cause of action arose in another county, is sufficient.

A counter affidavit of the plaintiff, that he believed he could not have a fair trial &c. is not enough ; it ought to state the facts on which the belief is founded.

WOODWORTH, for the defendant, moved to change the venue in this cause, which was an action of slander, from the county of Albany to Washington ; he read an affidavit of the defendant's attorney, stating that the cause of action arose in Washington, and not elsewhere, &c. *as the plaintiff had informed him*, and he verily believed to be true.

On the part of the plaintiff, this was opposed by a counter affidavit, stating that " according to his persuasion, and belief, he could not have an impartial trial, in the county of Washington, by reason of certain local prejudices."

*Per Curiam.* The first question is, whether the affidavit on the part of the defendant, ought not to have been made by the defendant himself, according to the established practice? As the attorney swears, however, that the *plaintiff confessed to him*, that the cause of action arose in Washington, and not elsewhere, &c., this may be deemed sufficient ; especially as the fact is not denied by the plaintiff. As to the counter affidavit, it cannot avail to retain the venue, inasmuch as the defendant only swears to " his persuasion and belief that he cannot have a fair trial, by reason of certain local prejudices," &c. He ought to have stated the reasons and ground of his belief, and have laid before the court the facts and circumstances on which it depends, that they

(a) S. C., C . C. 127.

Scott v. Gibbs.

might judge of its probable truth and force. He merely states his own conclusions, without stating also the premises on which his belief is grounded. (3 Burr. 1380, 1335. 1 Sellon's Prac. 169.)

Rule granted.(*b*)

(*b*) Circumstances that will probably prevent a fair and impartial trial in the county where the venue is laid, will constitute a good reason for changing it. 2 R. S. 409, § 2. *The People* v. *Webb*, 1 Hill, 179. *The People* v. *Vermilyea*, 7 Cowen, 108. Thus that the adverse party has considerable influence which he will probably exert, and many persons hold freeholds under him whom he may turn off at pleasure; *Smith* v. *Hortler*, 1 Car. Law Rep 518; that there is popular excitement which has twice resulted in ineffectual attempts to obtain verdicts in the county where the venue is laid; *Messenger* v. *Holmes*, 12 Wend. 203 ; see per Marcy, J. in *Bowman* v. *Ely*, 2 id. 250, 251 ; that the circuit judge of the district in which the county is situated where the venue is laid, was before his appointment counsel in the cause, *Van Rensselaer* v. *Douglas*, 2 id. 290; have been held sufficient to warrant a change of venue upon this ground. But a change of venue has been refused where it was moved on the ground that the corporation of the city of New York was a party, and that in consequence an impartial trial could not be had in that city in which place the venue was laid. *Corporation of New York* v. *Dawson, infra*, 335. So where it was moved merely on the fact that the sheriff of the county where the venue was laid was a party to the suit, and " that from his office a fair and impartial trial could not be had there." *Baker* v. *Sleight*, 2 Caines, 46. And where, in a turnpike cause, the affidavit stated no more than "that from the prejudices of the county against turnpike roads an impartial trial could not be had." *The President &c. of the New Windsor Turnpike Road* v. *Wilson*, 3 Caines, 127. And where in an action of slander the plaintiff, to retain the *venue* where he had laid it, swore, " that *some* of the slanderous words, for which he instituted this suit, were spoken of him, as he verily believes, and has been informed, in relation to his public capacity, as canvasser of an election of senators for the western district ; that the defendant is classed among those whose political opinions are different from his own ; and that, on account of the violent party spirit which prevails in Montgomery, he believes an impartial trial cannot be there had." In this case the court say : " We do not think the plaintiff entitled to retain the venue in Albany. The court will not presume that an impartial trial cannot be had, merely because the parties differ in politics, and a violent party spirit prevails in Montgomery. If the plaintiff had stated that the inhabitants of that county had generally prejudged the question ; or were particularly interested in it ; or that, for certain reasons, they entertained a prejudice against him ; or, that the defendant was a person of uncommon influence, it might have altered the case. It does not follow, that because some of the words were spoken of him as canvasser of an election for the western district, that

the inhabitants of Montgomery will be more partial than those of any other county, for in the event of such an election, the citizens of the whole state have nearly the same interest. If violence of party spirit (which in free governments will always rise to a certain degree) be a reason for changing a venue between suitors of various political sentiments, there will be no end to applications of this kind, and after all, where will a county be found entirely free of it? We hope that no difference of this kind will ever influence deliberations within a court of justice, or prevent the decision of any controversy on its real merits." *Zobieskie* v. *Bauder*, 1 Caines, 487. And in an action of libel, where the plaintiff opposed the motion by the production of an affidavit of several disinterested and highly respectable individuals, in which they stated that from their knowledge of the excitement which has prevailed and still does prevail on the subject of masonry, they believed that the plaintiff could not have a fair and impartial trial before a jury of Monroe county (to which the venue was sought to be removed) it was held that this was no cause for refusing to change the venue on the ordinary affidavit. *Bowman* v. *Ely*, *ut sup.*

In order to induce the court to interfere, upon the ground that an impartial trial cannot be had, the fact ought not to admit of doubt, but on the contrary, should be made out conclusively. See Grah. Prac. 2d ed. 564. " The court will not, on any speculative opinion formed by individuals, however respectable, interfere with the ordinary course and practice of the court in the administration of justice." " Should it unfortunately happen that the apprehension of the plaintiff is realized, he will not be remediless, as it will then be in sufficient time to interpose the strong arm of the law to cause the course of justice to flow unpolluted by passion or prejudice." Per Marcy, J. in *Bowman* v. *Ely*, *ut sup.* See Grah. Prac. 2d ed. 564, 565. By whom moved for, id. 565. When moved for, id. 566. Costs of motion, &c. id. See also n. (*a*) *supra*, vol. 1, p. 241, to *Bentley* v. *Weaver*. Also 4 Hill, 62, 70, n. (*a*).

