HORAK v. HORAK.

68   49|
105  733|
‾68   49
124  136

1. **Appeal to Supreme Court:** FROM RULING ON MOTION FOR CHANGE OF VENUE: NO APPEAL ALLOWED. *Allerton v. Eldridge*, 56 Iowa, 709, and *Groves v. Richmond*, 58 Id., 54, followed.

*Appeal from Linn District Court.*

THURSDAY, DECEMBER 17.

THE plaintiff, who is the wife of the defendant, brought this action to recover alimony upon the ground that the defendant had driven plaintiff away from her home. The defendant moved that the place of trial be changed to Johnson county, the place of his residence. The motion was overruled, and defendant appeals.

*H. J. Horak* and *S. H. Fairall*, for appellant.

*Thompson & Lanning*, for appellee.

ROTHROCK, J.—It appears from the averments of the petition that the plaintiff is a resident of Linn county. The defendant is a resident of Johnson county. Counsel for the defendant insist that a suit for alimony is purely a personal action, and should be brought in the county of the defendant's residence, and that ·the court erred in overruling the motion to change the place of trial. After the motion was overruled the defendant filed an answer, and no further action was taken in the case. The appeal was taken from the order overruling the motion.

We have held that an appeal will not lie from a ruling made on a motion to change the place of the trial of an action. *Allerton v. Eldridge*, 56 Iowa, 709; *Groves v. Richmond*, 58 Id., 54. In view of what is held in these cases, this appeal cannot be entertained. If we were to concede that the motion was well taken, the case would not be

different from those cited. An appeal may be taken from "an order made, affecting a substantial right in an action, when such order in effect determines the action, and prevents a judgment from which an appeal might be taken." Code, § 3164, subd. 1. The court below had jurisdiction of the subject-matter and of the parties; and an action, if brought in the wrong county, can there be prosecuted to a termination, unless the defendant, before answer, demands a change of the place of trial to the proper county. Code, § 2589. The ruling, if incorrect, was nothing more than an erroneous ruling on a motion for a change of venue, and from this ruling no appeal lies. The appeal must be

DISMISSED.