SCHAFER, Respondent, vs. SHAW and others, Appellants.

*February 5 — February 23, 1894.*

*Change of venue: Discretion: Continuance.*

1. The determination, by the trial court, of a motion for a change of venue on the ground of local prejudice, will not be disturbed unless an abuse of discretion clearly appears.
2. Under sec. 2626, S. & B. Ann. Stats., no change of venue shall be made, after one continuance had on the motion of the party applying for a change, unless it shall appear to the court that the cause therefor was discovered or developed after such continuance.

APPEAL from the Circuit Court for *Taylor* County.

The plaintiff was the owner of a farm of forty acres, on which he resided, and through a portion of which the Black

river flowed. In 1889 the defendants built a tannery for the manufacture of leather on said Black river, about one mile above the plaintiff's premises, in the city of Medford. On September 3, 1892, the plaintiff commenced this action, alleging, in effect, that the defendants, by operating said tannery, had caused hair and decomposed matter and noxious water to flow in said stream and upon and over a portion of the plaintiff's premises, to his damage in the sum of $1,800. On October 11, 1892, the plaintiff amended his complaint. On November 10, 1892, the defendants answered by way of admissions, denials, and counter allegations. The cause, being thus at issue, was duly noticed for trial and placed upon the calendar of the regular April term of the circuit court for Taylor county, in which said cause was pending. On April 5, 1893, the defendants applied to said court for a continuance of said cause, by reason of the absence of witnesses. Said motion was granted, upon terms which were complied with. At the next term of said court said cause was on the calendar for trial, whereupon the defendants moved for a change of the place of trial of said cause, on the ground of the prejudice of the people of said Taylor county. From an order denying said motion, with costs, the defendants appeal.

For the appellants there were briefs by *Clinton Textor*, attorney, and *Cate, Jones & Sanborn*, counsel, and oral argument by *D. Lloyd Jones*.

*E. H. Schweppe*, for the respondent.

CASSODAY, J. The motion for the change of venue is based upon a large number of affidavits, stating among other things, in effect, that many farmers resided upon the river below the tannery, and favored a recovery by the plaintiff, as establishing their own right to imaginary damages; that the defendants had two other tanneries in the county,— one at Parkinstown, and another at Rib Lake,— and each of which was about twenty miles from Medford; that many

citizens of the county were prejudiced against the defendants and their methods of conducting the tannery business; that many believed the defendants had secured numerous public roads to be built at public expense for their own private benefit; that the city of Medford had issued bonds in aid of the construction of such tannery, and that $9,000 of bonds remained unpaid; and that many claimed they were illegal, and were opposed to the payment of the same. Such affidavits were met by numerous counter affidavits. Unless, upon such application, the inability to obtain an impartial jury clearly appears, the motion will be denied. The determination of such motion is necessarily within the sound discretion of the trial court, and will not be disturbed unless it clearly appears that there has been an abuse of such discretion. *Lego v. Shaw*, 38 Wis. 401; *Ross v. Hanchett*, 52 Wis. 491. In the case at bar we do not think it so appears.

But there was another insuperable objection to such application. The statute applicable provides that " no such change shall be made in any action *after one continuance had*, on the motion of the party applying for a change, unless it shall appear to the court that the cause therefor was discovered or developed *after* such continuance." S. & B. Ann. Stats. sec. 2626. Here the application for such change of venue was made by the defendants several months after they had obtained such continuance, and yet it is not made to appear that the alleged cause for such application was discovered or developed after such continuance.

*By the Court.*— The order of the circuit court is affirmed.

CASSODAY, J. In *Erickson*, Respondent, *vs. Shaw* and others, Appellants, the facts are substantially the same as in *Schafer v. Shaw, ante,* p. 185.

For the reasons given in the opinion filed in that case, the order of the circuit court in this case is affirmed.