THE ROBERTSON LUMBER COMPANY v. ANDREW H. JONES.

Opinion filed May 10, 1904.

### An Order Granting a Change of Venue Is an Appealable Order.

1. An order granting a change of venue in a civil action "involves the merits," and is appealable, under subdivision 4 of section 5626, Rev. Codes 1899, which provides that an order is appealable "when it involves the merits of an action or some part thereof."

### Change of Venue — Showing Sufficient.

2. Plaintiff applied for a change of place of trial for the convenience of witnesses, basing his application upon the files in the case

and upon an affidavit of its managing agent, which stated the names of the witnesses, their residence, and that they were necessary witnesses, which statements were not controverted by defendant. It is *held* that a sufficient showing was made to authorize an order changing the venue, and that the court did not abuse its discretion in making such order.

Appeal from District Court, Pierce county, *Cowan,* J.

Action by the Robertson Lumber Company against Andrew H. Jones. Judgment for plaintiff and defendant appeals.

Affirmed.

*Tracy R. Bangs,* for appellant.

Defendant has a legal right to have his case tried in the county of his residence, unless some of the statutory grounds for a removal exist; and no showing is made that the convenience of witnesses demands a change of place of trial. The discretion to be exercised by the court in ordering such change is a legal one to be exercised only upon a sufficient showing.

Affidavits should show how the witnesses are material and what facts they will prove, so the court may judge of the materiality of their testimony. Cook v. Pendergast, 61 Cal. 72; Am. Ex. Bank v. Hill, 22 How. Pr. 29; People v. Hayes, 7 How. Pr. 248; Bushnell v. Durant, 31 N. Y. S. 608; Lane v. Bochlowitz, 78 N. Y. S. 1072; Bennett v. Weed, 77 N. Y. S. 864.

An order for change of venue is an appealable order. White v. C. M. & St. P. R. Co., 41 N. W. 720, 9 L. R. A. 824; Russell v. Whitcomb, 85 N. W. 860 (S. D.); Bolton v. Donovan, 9 N. D. 575, 84 N. W. 357.

*Bosard & Bosard,* for respondent.

The court can change the place of trial on the grounds of the convenience of witnesses. Challoner v. Boyington, 56 N. W. 640 (Wis.); Jenkins v. California Stage Co., 22 Cal. 538; Thompson v. Brant, 32 Pac. 890; Wiggins v. Phelps, 10 Hun. 187; Gorman v. South Boston Iron Co., 32 Hun. 71; Lyon v. Davis, 7 N. Y. S. 564; Dunn v. Louis, 19 N. Y. S. 755.

In the absence of a showing of materiality of witnesses, or challenge by opposing party as to their materiality, or other cause moving the court, party having the greatest number of witnesses will probably prevail on motion for change of venue. Sherwood v. Steele, 12 Wend. 295; Hull v. Hull, 1 Hill (N. Y.) 671.

An application for a change of place of trial which fails to show materiality of the testimony of witnesses is sufficient, if opposing party presents no affidavit as to witnesses.   People v. Hayes, 7 How. Pr. 248;  Brown v. Peck, 10 Wend. 569.

The order changing place of trial is not appealable.   While White v. Chicago Ry. Co., 5 Dak. 508, so holds, the decision is based on the fact that Wisconsin had a similar law, adopted in 1860, which we appropriated in 1887, and under such law as construed in Wisconsin such orders were appealable.   Yet Iowa adopted such law in 1851, re-enacted it in 1873, and the supreme court of that state held it was not appealable.   Allerton v. Elridge, 10 N. W. 252; Graves v. Richmond, 12 N. W. 80;  Horak v. Horak, 25 N. W. 924.

A distinction exists between cases where a change is granted, and those were refused.   Juan v. Goldsby, 6 Cal. 440.

Orders granting change are not appealable in New York.   Fisk v. R. R. Co., 41 How. Pr. 365.

YOUNG, C. J.   The defendant appeals from an order changing the place of trial of this action from Pierce county to Grand Forks county.   The venue was originally laid in the latter county.   Upon defendant's application the case was transferred to Pierce county, which is the county of the defendant's residence.   Thereafter the plaintiff applied for and secured the order transferring the case to Grand Forks county, from which this appeal is taken.

Counsel for respondent contend that an order changing the venue of an action is not appealable, and that this appeal should therefore be dismissed.   This question was passed upon by the supreme court of the territory in the case of White v. C. M. & St. P. Ry. Co., 5 Dak. 508, 41 N. W. 730, and adversely to the respondent's contention.   The statute under which such orders were held appealable—section 5236, Comp. Laws—is still in force in this state.   Subdivision 4 of section 5626, Rev. Codes 1899, is the same as subdivision 4 of section 5236, Comp. Laws, and reads as follows:  "The following orders when made by the court may be carried to the supreme court: *  *  *  (4)   When it involves the merits of an action or some part thereof."   It was held in the case just cited that an order changing the venue "involves the merits" within the meaning of this subdivision, and is therefore appealable.   In reaching this conclusion the court followed the decisions of the supreme court of Wisconsin construing a statute identical in language, and assumed that

our statute was adopted from that state with the construction which had been theretofore given to it in the following cases: Western Bank v. Tallman, 15 Wis. 92; Haas v. Weinhagen, 30 Wis. 326; Schattschneider v. Johnson, 39 Wis. 387. The construction of the territorial supreme court was approved in South Dakota in Russell v. Whitcomb, 14 S. D. 426, 85 N. W. 860, and is within the reasoning of our own court in Bolton v. Donavan, 9 N. D. 575, 84 N. W. 357. A number of cases from Iowa are cited which hold that such orders are not appealable. Allerton v. Eldridge, 56 Iowa, 709, 10 N. W. 252; Groves v. Richmond, 58 Iowa, 57, 12 N. W. 80; Horak v. Horak, 68 Iowa, 49, 25 N. W. 924. The Iowa statute in force when the above cases were decided contained the same provision as subdivision 4 of section 5626, supra, but an examination of the cases will show that the court had under consideration other subdivisions, and that the provision contained in subdivision 4 was not considered. No sufficient reasons are advanced for departing from the construction of the territorial court. It is approved by our sister state, and its correctness has not been challenged up to this time in this state. Further, as already stated, it is entirely within the reasoning of this court in Bolton v. Donavan, supra.

The order appealed from in this case was made for the convenience of witnesses, and under the authority of section 5244, Rev. Codes 1899, which relates to change of place of trial of civil actions and provides that "the court may change the place of trial in the following cases: * * * (3) Where the convenience of witnesses and the ends of justice would be promoted by the change." It will readily appear from a brief statement of the facts that the order in question must be affirmed. The complaint states a cause of action upon an account. The answer contains a general plea of payment, which, in legal effect, is an admission of the plaintiff's cause of action and a tender of the only issue in the case, namely, payment. Prior to making the application for a change of venue, the plaintiff made a written demand upon the defendant and his counsel for a statement of the items of his alleged payment, the dates of payment, and names of persons to whom payment was made. This was not furnished. The application was based upon the files in the case and the affidavit of one Alvin Robertson. The affidavit states that: "The lumber and materials included in the account sued upon were sold to defendant in Minto in the county of Walsh; that the local books in which said accounts have been kept are now in the office

of the defendant in Minto; that the general books of the plaintiff, which are material in the trial of the action, are kept in Grand Forks; that all the witnesses to be called on the part of the plaintiff live either at Grand Forks or at Minto, and the deponent is informed and believes that no witnesses to said transaction whatever, except the defendant himself, reside in the county of Pierce; that the witnesses necessary to be called on the part of the plaintiff are George Robertson, who was in charge of the local office at Minto at the time of this transaction, A. C. Wonderlick, auditor of said company, and this affiant, the general manager of said company, all of whom reside in the city and county of Grand Forks." The record shows that at the hearing defendant was represented by counsel, but filed no affidavits controverting the statements contained in the above affidavit. It is manifest that on these facts the court did not abuse its discretion in granting the change. When an application of this character is made, "it is the duty of the court to look to the affidavits as well as the issues to be tried, and determine upon the entire showing made in which of the two courts a trial will be most accessible to the greatest number of witnesses whose personal attendance the parties may require and reasonably expect to obtain." King v. Vanderbilt, 7 How. Prac. 385; Fletcher v. Church, 11 S. D. 537, 78 N. W. 947. True, the affidavit does not show what the several witnesses will testify to, so that the court can determine the materiality of their testimony from an inspection. But the defendant is not in a position to question the sufficiency of the affidavit in this particular. As we have seen, he failed, after demand, to furnish the plaintiff the information which it was necessary for the plaintiff to have in order to make a more specific affidavit. Neither did he at the time of the hearing deny the statement contained in plaintiff's affidavit that the three witnesses who resided in Grand Forks county were necessary witnesses, or controvert the fact that the plaintiff had but one witness in Pierce county. His failure to deny that the witnesses named were necessary was, in effect, an admission that their testimony would be material. Cartright v. Town of Belmont, 58 Wis. 370, 17 N. W. 237; State v. Mooney, 10 Iowa, 506; Brown v. Peck, 10 Wend. 570; Scott v. Gibbs, 2 Johns. Cas. 116. In the absence of a counter showing, the plaintiff's affidavit was sufficient, and the order changing the venue was properly granted.

Order affirmed. All concur.