MARIA KRAMER v. KATHARINA HEINS, Anna Zeïen, Louis Karstens, Nickolaus Karstens, and All Other Persons Interested in the Estate of Said Dick Dammann, Deceased, and Nickolaus Karstens, as Administrator of the Estate of Louis Karstens, Deceased.

(158 N. W. 1061.)

**Action — venue — change of — affects the merits — order on — appealable.**
    1. An order which changes the venue of an action affects the merits thereof, and is appealable under the provisions of § 7841 of the Compiled Laws of 1913.

**County court — appeals from — probate proceedings — district court — calendar of causes — jurisdiction — continuance over term — causes for — illness of counsel.**
    2. Section 8615 of the Compiled Laws of 1913, which provides that appeals from the county court in probate proceedings must be docketed in the district court and placed on the calendar of causes for trial according to the date on which they are perfected, cannot, and is not so construed as to, imply that such district court will lose jurisdiction of the action when an appeal has been regularly taken to it, and the case has been regularly docketed, and merely because the case has been continued over the term on account of the illness of counsel.

**Change of venue — civil cases — witnesses — convenience of — trial court — adjoining county — cause sent to — not required.**
    3. Section 7418 of the Compiled Laws of 1913, which provides for changes of venue in civil cases, presupposes that the convenience of witnesses and the saving of expense will be considered by the trial judge who grants the change, but does not require that in all cases the action shall be sent for trial to an adjoining county.

Opinion filed July 25, 1916.

Appeal from an order of the District Court of Ward County, *Leighton,* J., denying a motion to dismiss an appeal from the County Court, and also from an order changing the place of trial from Wells County to Ward County.

Action to set aside the probate of a will.

Affirmed.

Statement of facts by BRUCE, J.

This action originated in the county court of Wells county, North Dakota, where the last will and testament of one Dick Dammann was admitted to probate on or about the 2d of August, 1913. About a year later a petition was filed by the petitioner and respondent to revoke such probate, and a hearing was had in the county court on the 31st day of July, 1915, and findings were made in favor of the defendants and appellants herein. Thereupon the petitioner and respondent appealed to the district court of Wells county, and the action was placed upon the calendar for trial at the January, 1915, term, a trial *de novo* having been asked and a jury demanded. Thereafter the petitioner and respondent, Maria Kramer, appeared by counsel and made a motion for a continuance over the term or a postponement of trial for the period of ten days on account of the illness of counsel, and the case was continued over the term. The case was again on the calendar for trial at the July, 1915, term of the district court in and for the county of Wells, but, shortly prior to such term, the petitioner and respondent filed a motion for a change of venue on account of local bias and prejudice, and also a motion for a change of venue on account of the prejudice of the trial judge. At the opening of the term the appellants and defendants in the action below moved to dismiss upon the ground that the dictrict court had devested itself of jurisdiction by reason of an unauthorized continuance over the first term. This motion as well as the motion for a change of venue were heard by stipulation at Minot before the Hon. K. E. Leighton, Judge of the 8th Judicial District, who had been called in by the judge of the 5th district. The motion to dismiss was denied. The motion for change of venue was granted, and the cause was sent to Ward county. Without going to trial the defendant and appellant Katharina Heins appealed to this court from both the order refusing to dismiss the action in the district court and the order granting the change of venue.

*B. F. Whipple, J. J. Youngblood,* and *Aloys Wartner,* for appellants.

A change of venue should not be granted after the case has been continued, unless it is shown that the grounds upon which the application is made were not known prior to the continuance. McCracken v. Webb, 36 Iowa, 551; Fitch v. Billings, 22 Iowa, 228; Waldron v. St. Paul, 33 Minn. 87, 22 N. W. 4; St. Louis, C. G. & Ft. S. R. Co. v. Holladay, 131 Mo. 440, 33 S. W. 49; Schafer v. Shaw, 87 Wis. 185, 58 N. W. 240; Pearkes v. Freer, 9 Cal. 642; Jones v. Frost, 28 Cal. 245.

The right to a change of venue is not a vested one, but is a privilege which a party entitled thereto may waive, or which may be lost by laches. 4 Enc. Pl. & Pr. 383; 40 Cyc. 124–126.

"The second case in which application may be made to the court for a change of place of trial is when there is reason to believe that an impartial trial cannot be had in the county designated." But courts are adverse to granting a change upon this ground in the first instance, and it has been held that nothing less than an actual experiment, by way of a trial, will amount to a sufficient showing for change on such ground. 2 Wait, Pr. p. 642, § 3.

*Palda, Aaker, & Greene,* and *I. M. Oseth,* for respondent.

This appeal is an attempt to appeal from two separate and independent orders, both of which could have been reviewed on appeal from the final judgment.

Therefore, if both orders are appealable, this appeal is bad for duplicity, and would be dismissed under the rules of practice. Ballou v. Chicago & N. W. R. Co. 53 Wis. 150, 10 N. W. 87; Anderson v. Hultman, 12 S. D. 105, 80 N. W. 165.

The order appealed from did not "in effect determine the action and prevent a judgment." Comp. Laws 1913, § 7841; Strecker v. Railson, 19 N. D. 677, 125 N. W. 560; Reed v. Lueps, 30 Wis. 561.

In numerous cases of unauthorized continuances, mandamus has been invoked. State ex rel. Tooreau v. Posey, 17 La. Ann. 252, 87 Am. Dec. 525; Mason v. Superior Ct. 24 Cal. App. 386, 143 Pac. 554.

"But in a clear case of a continuance without right, or where no showing has been made authorizing the exercise of discretion, the court may be compelled (by mandamus) to proceed; and likewise a clear duty of the court to postpone will be enforced. 26 Cyc. 207; People ex rel. Brown v. Pearson, 2 Ill. 473; People ex rel. Teale v. Pearson, 2 Ill.

458; Dixon v. Feild, 10 Ark. 243; State ex rel. Tooreau v. Posey, supra; Wattles v. Wayne Circuit Judge, 119 Mich. 356, 18 N. W. 123.

Ordinarily, under a sufficient showing, the illness of counsel is good ground for continuance. 9 Cyc. 100.

The right of a defendant to have the place of trial changed to the proper county is an absolute right if asserted within the time prescribed by law and the trial court has no discretion, but must order the change. Ivanusch v. Great Northern R. Co. 26 S. D. 158, 128 N. W. 333; Smail v. Gilruth, 8 S. D. 287, 66 N. W. 452; Van Kleck v. Hanchett, 51 Wis. 398, 8 N. W. 236; Meiners v. Loeb, 64 Wis. 343, 25 N. W. 216.

Where the venue of the complaint is laid in a county not authorized by the Code, the defendant may move to change it to the right county before answering. 2 Wait, Pr. 409.

In other instances such application is addressed to the sound discretion of the trial court. 40 Cyc. 127, and cases cited; Walker v. Nettleton, 50 Minn. 305, 52 N. W. 864; Theresa Village Mut. F. Ins. Co. v. Wisconsin C. R. Co. 144 Wis. 321, 128 N. W. 103; Kennon v. Gilmer, 131 U. S. 22, 33 L. ed. 110, 9 Sup. Ct. Rep. 696; Watson v. Whitney, 23 Cal. 375; Alverson v. Anchor Mut. F. Ins. Co. 105 Iowa, 60, 74 N. W. 746; Cobb v. Thompson, 10 Iowa, 367; Richardson v. Augustine, 5 Okla. 667, 49 Pac. 930; Schafer v. Shaw, 87 Wis. 185, 58 N. W. 240; Lego v. Shaw, 38 Wis. 401; Ross v. Hanchett, 52 Wis. 491, 9 N. W. 624; Aylmer v. Adams, 30 N. D. 514, 153 N. W. 419.

BRUCE, J. (after stating the facts as above). Counsel for respondent suggests that the order refusing to dismiss the appeal from the county court may not be an appealable order. It is not necessary, however, for us to consider this question, as there is also an appeal from the order granting the change of venue, and that such an order "involves the merits of the action," and is therefore appealable under the provisions of § 7841 of the Compiled Laws of 1913, is well established. See Robertson Lumber Co. v. Jones, 13 N. D. 112, 99 N. W. 1082. The questions raised by both appeals are also substantially the same.

The next point urged is that the trial court erred in granting petitioner's motion to continue the case over the January, 1915, term of the district court.

Counsel for appellants calls attention to § 8615 of the Compiled Laws of 1913, which provides that: "Upon the delivery of such transcript and payment of the clerk's fee, the appeal must be docketed in the district court and placed on the calendar of causes for trial according to the date on which it was perfected and without a notice of trial or note of issue at the next term convening, not less than ten days after the taking of the appeal, and must be disposed of accordingly during the term, unless sooner disposed of in pursuance of the provisions of the next section."

The contention of counsel is that under this section the case should have been brought on for trial at the next term of the district court; namely, the January, 1915, term, and that the court erred in granting the motion of the petitioner for a continuance over the objection of the respondents and also erred in denying the respondents' (appellants herein) motion to dismiss the appeal from the county court.

We cannot believe, however, that this section can be anything more than directory. Surely it was not intended the parties should lose valuable legal rights merely because of the sickness of the counsel or of witnesses and the inability to prepare for trial at the next term of the court. In the case at bar there was a valid reason for a continuance. There is no doubt that counsel for the petitioner and respondent herein was seriously ill. If the construction contended for by counsel applies, an epidemic among the jurymen or the sickness of the witnesses or of the trial judge, which would render the trial at the term impossible, would have had the same effect. It will be noticed indeed that the statute does not require the case to be tried at the next term. It merely provides that it must "be docketed in the district court and placed on the calendar of causes for trial according to the date on which it is perfected, and must be disposed of accordingly during the term." In other words the case must be docketed at the first term and disposed of at that term the same as the other actions on that calendar. There is no question of the right to continue other cases upon the calendar for good causes shown, and there is no contention, and can be no contention, that such an appeal was to be given preference over any other cases, but merely to be docketed in its order, and there can be no contention that if the calendar had been crowded and it was impossible for the

judge to dispose of all of the cases at the term, that he would have had the right to continue the balance of the cases over.

The next point urged is that the trial court erred in granting the change of venue from the county of Wells to the county of Ward. It is argued that the case had been in the district court for over nine months at the time of the application, and it is urged that a change of venue should not be granted after a case has been continued, unless it is shown that the grounds upon which the application is made were not known prior to the continuance.

We think, however, there is no merit in this contention, in so far at least as the case at bar is concerned.

It is well established that whether a change of venue shall be granted or not is a matter which rests in the sound discretion of the trial judge. Aylmer v. Adams, 30 N. D. 514, 153 N. W. 419; Booren v. McWilliams, 33 N. D. 339, 157 N. W. 117. The question involved is not whether the respondent had an absolute right to such a change, but whether the trial judge abused his discretion in allowing it. Counsel cites the Iowa cases of McCracken v. Webb, 36 Iowa, 551; Fitch v. Billings, 22 Iowa, 228. These cases, however, were decided under § 2804 of the laws of Iowa, Revision of 1860, which expressly provided that an application for a change of venue should not "be allowed after a continuance except for a cause not known to the affiant before such continuance." He also cites the Minnesota case of Waldron v. St. Paul, 33 Minn. 87, 22 N. W. 4, but this case was one in which the discretion of the trial court was affirmed in denying a change, and where the rule of court provided that a change should not be granted where the benefit of a term would be lost except on certain conditions, and in which case it seemed apparent that such term would have been lost. He also cites the Wisconsin case of Schafer v. Shaw, 87 Wis. 185, 58 N. W. 240, which was also handed down under a statute similar to that of Iowa before mentioned, and in that case also the discretion of the judge was affirmed. The cases of Pearkes v. Freer, 9 Cal. 642, and Jones v. Frost, 28 Cal. 245, also were not cases of discretion or prejudice, but cases which involved the general right of a trial in the county, and which right it has been generally held may be waived by answering to the merits. Nor do we find in the record any proof that a term of court would be lost by a change to Ward county.

Counsel next complains that the case was not removed from Wells county to an adjoining county, but to Minot in Ward county. We have no doubt that in all of such cases the court should consult the convenience of witnesses and choose a place of trial which shall be reasonably accessible, and seek in every way to render the trial as inexpensive as possible. We have no proof, however, that this was not done in the case at bar. Minot is on the same line of railroad as Fessenden, and is a place which is readily accessible. It was evidently intended in North Dakota, no matter what may be the rule in other states, that the convenience of parties and the accessibility of the places of trial should be the subjects of consideration rather than the geographical location of the places. Nowhere in the Code is it provided that the place of trial shall be in an "adjoining" county, and we are not prepared to read the word into the Code. The statute indeed merely provides that "the court may change the place of trial," and nothing is said as to the geographical location of that place. See Comp. Laws 1913, § 7418.

The judgment of the District Court is affirmed.