FARMERS' SECURITY BANK OF CONWAY, Appellant, v. H. B.
    SPRINGEN and NORTHWESTERN TRUST COMPANY,
    Respondents.


(184 N. W. 664.)


**Venue — change to residence county of private and corporate defendants, on
joint demand of both, was proper.**

> Where a complaint alleges a distinct cause of action against a private
> defendant and another, also, against a domestic corporation, and where
> the action is not brought in the county of the residence of either defend-
> ant, it is *held*, construing Subds. 6 chap. 3 Laws 1919 and § 7417 C. L. 1913,
> that a change of the place of trial to the county of the residence of the
> private party and of the corporation may be permitted upon the joint de-
> mand of both defendants.


Opinion filed Oct. 5, 1921.


Appeal from an order of District Court, Walsh County, *Burr*, J.,
granting a change of venue to Grand Forks county.

Affirmed.

*H. C. DePuy*, for appellant.

*H. A. Libby* and *Bangs, Hamilton & Bangs*, for respondents.


BRONSON, J. The plaintiff instituted an action against the defendants
in Walsh county. The complaint alleges that the defendant Springen was
in its employ as cashier and that the defendant Trust Company by its
guaranty contract covenanted with the plaintiff to reimburse it for pe-
cuniary loss that it might suffer through acts of fraud and dishonesty on
the part of Springen as cashier; that in 1920, Springen, as cashier, mis-
appropriated some $1,300 belonging to the plaintiff. The defendant Trust
Company, in its answer, sets forth a general denial, alleged its office
and principal place of business to be in Grand Forks county, and ad-
mitted the execution of the guaranty contract. The defendant Springen,
in an amended answer, alleged, in addition to a general denial, an in-
debtedness of some $774 owing to the plaintiff by him, as determined

upon a final settlement, and the tender, the deposit, and the refusal of such amount.

The defendants, in proper time, made a demand for a change of the place of trial from Walsh county to Grand Forks county. Accompanying such demand, a showing by affidavits was made that the defendant Springen was and had been a resident of Grand Forks county for more than three years, and that the defendant Trust Company during the last ten years had had its office and principal place of business in Grand Forks county. The plaintiff submitted a counter affidavit that the Trust Company transacted business in Walsh county. Upon hearing the trial court ordered the place of trial changed to Grand Forks county. The plaintiff has appealed from such order.

The plaintiff maintains that the provisions of chap. 3, Laws 1919, apply. The material portions thereof read, viz.:

"Actions for the following causes must be tried in the county in which the subject of the action or some part thereof is situated, subject to the power of the court to change the place of trial in the cases provided by statute; * * *

"6. All actions against any domestic corporation shall be tried in any county or judicial subdivision designated in the complaint and in which the defendant corporation transacts business."

The plaintiff further contends that, the venue being properly laid in Walsh county against the Trust Company, the defendant Springen is not entitled to a change, since he is properly joined as a party defendant.

These contentions may be answered by a consideration of plaintiff's cause of action. It will be noted that, as against Springen, it is for a misappropriation of moneys, a cause sounding in tort. As against the Trust Company, it is an action on a contract of guaranty. It is not alleged that Springen is a party to this contract of guaranty. The issues upon the pleadings determinative of the liability of Springen and the Trust Company are not necessarily the same. Further, it is plain that the liability of Springen must first appear before the contract of guaranty is operative. It may be admitted that the cause of action against the Trust Company alone, upon the showing made, would properly be triable in Walsh county. There exists, however, in addition, a cause of action against Springen. The statute does not provide, in terms, that all actions against any domestic corporation, whether joined with other actions or

against other defendants, shall be tried in the county designated in the complaint. § 7417, C. L. 1913, provides that—

"In all other cases, subject to the power of the court to change the place of trial as provided by statute, the action shall be tried in the county in which the defendant or some of the defendants reside at the time of the commencement of the action."

No repealing clause of any kind was attached to chap. 3, Laws 1910. The act should not be extended by construction to deprive a private defendant of his statutory right to the trial of the cause of action against him in the county of his residence, where the domestic corporation consents thereto. It readily follows that the trial court did not err in transferring the entire cause of action, thus framed, to Grand Forks county. The order is affirmed.

GRACE, C. J., and ROBINSON, BIRDZELL, CHRISTIANSON, JJ., concur.