**V. C. GESSNER, Plaintiff and Respondent,**

v.

**Oscar BENSON, Defendant and Appellant.**

No. 7573.

Supreme Court of North Dakota.

Oct. 25, 1956.

Ilvedson, Pringle & Herigstad, Minot, for appellant.

E. J. McIlraith, Minot, for respondent.

SATHRE, Judge.

The plaintiff brings this action against the defendant for recovery of a money judgment. The action was brought in the fifth judicial district, Ward County. The defendant is a resident of Bottineau County. Service was made upon him in that county. He made no motion for change of venue but served and filed his answer in Ward County. The case was tried in Ward

County in June 1954 to the court and a jury. The jury disagreed and thereafter and in October 1954 the parties by their respective attorneys entered into a written stipulation that the case was to be tried in Ward County before the Hon. A. J. Gronna, one of the judges of the district court of the fifth judicial district and a jury. In May 1955 the defendant moved for a change of venue to Bottineau County. The motion for a change of venue was not accompanied by any application to vacate and set aside the stipulation entered into by the parties. The plaintiff resisted the motion and contended that defendant presented no reasonable grounds for a change of venue and that the parties were bound by their stipulation to try the case in Ward County. The court denied the motion for a change of venue and entered an order accordingly. The defendant appealed from the order.

■ In his affidavit in support of the motion for change of venue the defendant states that at the trial of said case in Ward County, he used but one witness, one Leon Kohen but that such witness is not available at this time for the reason that he is confined in a federal prison; that he has since located other witnesses whose testimony is material to the issue in the case. That the said witnesses are Walter Trengen, Maurice Weeks, and George H. Long. These witnesses are all residents of the city of Bottineau, in Bottineau County, and defendant expects to prove by them that the amount sued for by the plaintiff was not loaned to him but that the same was invested for the plaintiff through a Minneapolis concern. The affidavit further states that defendant's wife, Olive Benson, who resides with him is also a material witness. As pointed out herein the action was brought in the district court of Ward County. The defendant served answer and consented to trial in Ward County. After the trial and disagreement of the jury the parties entered into the stipulation referred to herein. The stipulation was entered into in October 1954 and the motion for a change of venue was not made until May 1955. The question arises as to what is the legal effect of a stipulation of this nature in such cases. In 50 Am.Jur. Stipulations, Sec. 11, page 611, the rule is stated as follows:

"Where stipulations have been entered into and filed, one of the parties will not be allowed to withdraw from the agreement thus made without the consent of the other, except by leave of court upon cause shown."

And in 83 C.J.S. Stipulations, § 2, pages 2 and 3, it is stated:

"Whether the aid of the court is invoked by some summary method during the pendency of the cause, or by a resort to another independent action, courts ordinarily look with favor on stipulations designed to simplify, shorten, or settle litigation and save costs to the parties, and such stipulations should be encouraged by the courts rather than discouraged, and enforced by them unless good cause is shown to the contrary".

In the case of Burnett v. Poage, 239 Iowa 31, 29 N.W.2d 431, 434, it was held that a stipulation relative to the conduct of the case pending before the court could not ordinarily be repudiated or withdrawn by one party without the consent of the other, except by leave of the court upon cause shown. We quote from the opinion in that case.

" 'Stipulations concerning the conduct of a pending cause cannot ordinarily be repudiated or withdrawn from one party without the consent of the other, except by leave of court upon cause shown, and especially is this true after he has received the benefits contemplated by the stipulation, or where it has been so acted upon that the parties cannot be placed in statu quo.' "

We quote further from 50 Am.Jur. Stipulations, Sec. 8, pages 609, 610:

"On appeal, a stipulation and the finding of the court thereon should receive a construction with reference to existing laws affecting the subject matter. In cases of doubt, appellate courts strongly incline toward the construction adopted by the trial court."

The defendant contends that there is an absence of any valid consideration which would justify a denial of defendant's application for a change of venue in this case, and that the trial court did not take into consideration the saving of expense, the convenience of witnesses and the furthering of the ends of justice that would result from a change of venue to Bottineau County. The affidavit of the defendant shows that three of the witnesses for the defendant are residents of Bottineau County and are business and professional men in the city of Bottineau. The fourth witness is the defendant's wife who also resides in Bottineau. The affidavit also shows that at the first trial held in Ward County the defendant had but one witness who for obvious reasons is not now available as a witness.

■ Defendant's motion for a change of venue is based on the convenience of the witnesses he expects to call at the trial and under authority of Section 28-0407 NDRC 1943 which provides:

"The court may change the place of trial in the following cases:

"1. * * *

"2. * * *

"3. When the convenience of witnesses and the ends of justice would be promoted by the change".

In the case of Curren v. Story, 41 N.D. 361, 170 N.W. 875 this court said:

"It is well settled that motions for a change of venue on this ground are addressed to the sound judicial discretion of the trial court. Robertson Lumber Co. v. Jones, 13 N.D. 112, 99 N.W.

1082; Kramer v. Heins, 34 N.D. 507, 158 N.W. 1061; 5 Standard Ency. Proc. 13; 40 Cyc. 137; 4 Ency.Pl. & Pr. 442, 443. Cyc. says: 'Applications on this ground are ordinarily addressed to the discretion of the court which will not be interfered with unless manifestly abused, and various considerations may arise which will justify a denial of an application based upon this ground.' 40 Cyc. 137.

"In determining such application for a change of venue the trial court should 'look to the affidavits as well as the issues to be tried, and determine upon the entire showing made in which of the two courts a trial will be most accessible to the greatest number of witnesses whose personal attendance the parties may require and reasonably expect to obtain.' Robertson Lumber Co. v. Jones, 13 N.D. 112–116, 99 N.W. 1082, 1083. The statute requires not only that the convenience of witnesses, but that 'the ends of justice' shall be promoted by the change. Hence, in determining the application, the court may properly consider the consequences of a change of venue upon the expedition and expense of the trial. 4 Ency.Pl. & Pr. 418; 5 Standard Ency. Proc. 14.

"As already stated, the applicant for a change of venue has the burden of proof. His application should state facts, not conclusions. 'He should state the names of the proposed witnesses, their number, and their residence. * * * Likewise should be shown that the proposed witnesses are necessary and material, what is expected to be proved by them, and that the applicant cannot safely proceed to trial without' their testimony. 4 Ency.Pl. & Pr. 414–416; 40 Cyc. 162, 163; 5 Standard Ency.Proc. 14."

■ However, there is no showing by the defendant that at the time he entered into the stipulation referred to that he had

no knowledge that these witnesses were in possession of information material to his defense. In fact, in his supporting affidavit he states that one of these witnesses, the vice president of a bank in the city of Bottineau, cashed the check for $10,000 which check gave rise to this action. The information which this witness possessed must have been known to the defendant at the time of the first trial. It would seem reasonable also that any information in possession of the other witnesses was known to him when he entered into the stipulation referred to herein. They lived in the same city and were his business associates. And so far as his wife is concerned she lived with him and he must have been familiar with any information she might have relative to his defense. Furthermore defendant cannot plead ignorance of his rights. He is a practicing attorney with more than twenty-five years of experience in the practice of law. He was entitled to a change of venue as a matter of right when the action was commenced but he waived his right and went to trial in Ward County. The case was tried in Ward County in June 1954 and the jury disagreed. On October 18, 1954 the parties entered into a written stipulation continuing the case over the special October term of the district court of Ward County and providing that the case might be tried in that county before the Honorable A. J. Gronna, at a date convenient to the parties. Defendant took no further action until May 1955, seven months later, when he made his motion for a change of venue. He entered into the stipulation freely and voluntarily with the full knowledge of the import thereof. The trial court denied the motion for a change of venue and an order was entered accordingly. The defendant has failed to make a sufficient showing to warrant us in holding that the trial court's denial of defendant's motion was an abuse of discretion. The order appealed from is affirmed.

BURKE, C. J., and MORRIS, JOHNSON and GRIMSON, JJ., concur.