Gordon BARTHOLOMAY, as surviving husband of Diane Bartholomay, deceased, Gordon Bartholomay, as surviving father of the unborn child of Diane Bartholomay, deceased, Vickie Lynn Batholomay, by her next friend, Gordon Bartholomay, Jeffrey Bartholomay, by his next friend, Gordon Bartholomay, and Gordon Bartholomay, individually, Plaintiffs and Appellants,

v.

ST. THOMAS LUMBER COMPANY and John R. Quam, Defendants and Respondents.

No. 8086.

Supreme Court of North Dakota.

Nov. 7, 1963.

Nilles, Oehlert & Nilles, by Donald R. Hansen and Frank J. Magill, Fargo, for appellants.

Stokes, Vaaler, Gillig & Warcup, Grand Forks, for respondents.

TEIGEN, Judge.

This is an appeal from an order denying a motion for change of venue on the ground of convenience of witnesses and to promote the ends of justice. The case involves an automobile accident which occurred on U. S. Highway No. 81, north of Grandin, in Traill County, North Dakota. The sole issue on this appeal is whether the trial court abused its discretion in denying the motion of the plaintiff for such change of place of trial.

The action was commenced in Cass County and, upon demand made by the defendants for a change of the place of trial to Pembina County, the county of the defendant Quam's residence and the place where the defendant St. Thomas Lumber Company has its principal office and transacts its business, it was stipulated that the venue be changed from Cass County to Pembina County. This was followed by the court's order changing the venue pursuant to the terms of the stipulation. In the stipulation the plaintiffs reserved the right to make application to the court for a change of venue from Pembina County back to the County of Cass under Section 28–04–07, Subsection 3, N.D.C.C., for the convenience of witnesses and to promote the ends of justice.

Following these events the plaintiff Bartholomay made and served his notice of motion and motion for change of venue from Pembina County to Cass County, or in the alternative to Traill County. The motion was made on the ground of convenience of witnesses and on the further ground that granting the motion would promote the ends of justice. The motion was supported by the affidavit of one of the plaintiffs' attorneys to the effect that many witnesses—26 are named—including police officers, highway patrolmen, doctors, nurses, eye witnesses to the accident, persons having charge of hospital and medical records, and others, would be convenienced if the place of trial were changed as prayed for in the motion. The plaintiff Bartholomay further pointed out that the scene of the accident could be more readily visited by the jury in the event of the granting of the motion.

In resistance to the motion, one of the attorneys for the defendants filed an affidavit listing 25 witnesses which he states they intend to call to testify at the trial of the action. Several of these witnesses were eye witnesses to the accident. One was a passenger in the vehicle driven by the defendant Quam and owned by the defendant St. Thomas Lumber Company; some were people from Pembina County that had examined the scene where the accident occurred and the vehicles that were involved therein; and three of them were eye witnesses who were also involved in the multi-vehicle accident but who are not named as parties in this action. At least six of the witnesses named by the defendants in the attorney's affidavit, who are described as eye witnesses to the accident, reside in or are geographically closer to Pembina County.

In the defendants' affidavit it is also stated that the plaintiffs permitted one term of court to pass in Pembina County after venue had been changed to that county, that they did not press the matter for trial and that they were not diligent in making this motion. The affidavit states that if the place of trial is changed, the defendants will be deprived of the right of trial in the county

of their residence; that it will inconvenience a number of the defendants' witnesses; that the removal prayed for would be prejudicial to the defendants; that more witnesses who can offer material evidence on the issue of cause, being the main issue of the trial, reside in Pembina County than in Cass County; that the defendant Quam, as a result of the accident, was prosecuted on a criminal charge in Traill County, which case was tried to a jury and received considerable publicity and therefore it would be difficult to draw a jury in Traill County; that the convenience of witnesses and the ends of justice will not be served by moving the trial of the case to either Cass or Traill Counties but the ends of justice will be served by the case remaining in Pembina County for trial.

The motion was heard and the trial court entered an order denying the motion. This appeal is taken from the order of denial.

This case arose as a result of a four-vehicle accident which occurred on U. S. Highway No. 81 in Traill County, about one and one-half miles north of the Cass County line. It involves five claims of the Gordon Bartholomay family. (1) For the wrongful death of Diane Bartholomay, wife of Gordon Bartholomay; (2) For the wrongful death of an unborn viable child; (3) For bodily injuries of Vickie Lynn Bartholomay, daughter; (4) For bodily injuries to Jeffrey Bartholomay, son; and (5) For the bodily injury, property damage, hospital and doctor bills for the family by Gordon Batholomay, husband and father. The injured were hospitalized in Fargo.

The scene of the accident is located approximately 30 miles from Fargo, the place of trial if held in Cass County; approximately 10 miles from Hillsboro, the place of trial if held in Traill County; and approximately 122 miles from Cavalier, the place of trial if held in Pembina County. The distance between the respective cities is approximately as follows: 40 miles from Fargo to Hillsboro, 112 miles from Hills-

boro to Cavalier, and about 152 miles from Fargo to Cavalier. Good highways connect all of the cities.

The defendants had an absolute right to a change of place of trial from Cass County to Pembina County. The defendant Quam resides in Pembina County and is entitled to have the case tried in that county. Section 28-04-05, N.D.C.C. The defendant St. Thomas Lumber Company, a domestic corporation, has its principal office located in Pembina County and transacts all of its business in that county. Pursuant to Section 28-04-04, N.D.C.C., it also is entitled to trial in the same county. The two defendants joined in the demand and it was proper to change the place of trial from Cass County to Pembina County, the place of residence of the private and corporate defendants. Farmers' Security Bank of Conway v. Springen, 48 N.D. 364, 184 N.W. 664.

Section 28-04-07(3), N.D.C.C., provides for a change of venue at the discretion of the court for the convenience of witnesses and promotion of the ends of justice. A motion for the change of place of trial for the convenience of witnesses and to promote the ends of justice always is addressed to the sound judicial discretion of the trial court and the appellate court will not interfere unless an abuse of discretion is shown. Curren v. Story, 41 N.D. 361, 170 N.W. 875; Robertson Lumber Co. v. Jones, 13 N.D. 112, 99 N.W. 1082; Kramer v. Heins, 34 N.D. 507, 158 N.W. 1061; Wolfson v. Schieber, 52 N.D. 165, 201 N.W. 830; McConnon & Co. v. Sletten, 55 N.D. 388, 213 N.W. 483; Kiley v. Meckler, 57 N.D. 217, 220 N.W. 926; Crosby v. Minneapolis, St. P. & S. S. M. Ry. Co., 57 N.D. 447, 222 N.W. 476; Moen v. Melin, 59 N.D. 582, 231 N.W. 283; Ott v. Kelley, 64 N.D. 361, 252 N.W. 269; Kinzell v. Payne, 64 N.D. 383, 252 N.W. 624; Gessner v. Benson, N.D., 79 N.W.2d 152; Hovland v. Waller, N.D., 98 N.W.2d 893; and Barkman v. Quam, et al., (N.D.) recently decided, 123 N.W.2d 824.

■ The rulings of the trial court in matters that are addressed to its sound judicial discretion will not be disturbed on appeal, except in cases of manifest abuse. Wolfson v. Schieber, supra; Curren v. Story, supra; Aylmer v. Adams, 30 N.D. 514, 153 N.W. 419; and Boeren v. McWilliams, 33 N.D. 339, 157 N.W. 117.

■ Where such motion for change of place of trial on the ground of convenience of witnesses would, if granted, inconvenience the witnesses for the defendants, a denial of the motion would not be an abuse of discretion. Crosby v. Minneapolis, St. P. & S. S. M. Ry. Co., supra, and Barkman v. Quam, supra.

■ The moving parties, who are the plaintiffs in this case, have the burden of establishing such facts as will warrant the trial court in ordering the change. Wolfson v. Schieber, supra; and Kiley v. Meckler, supra.

■ We have reviewed the affidavits submitted in support of and opposed to the motion for change of place of trial and find there is sufficient ground to base judicial discretion for a decision either way. However, the appeal is not determined by how this court would pass upon the affidavits but whether a reasonable and intelligent basis for the decision rendered is shown in the affidavits. We merely review the ruling of the trial court for the purpose and to the extent of ascertaining whether that court abused its discretion. Curren v. Story, supra, and Farmers' State Bank v. Hager, 58 N.D. 62, 225 N.W. 128. It was for the trial court to say whether, in view of the conflicting affidavits furnished by the parties, a change of venue should be granted. Generally no abuse of discretion will be presumed or inferred where there are conflicting affidavits. Boeren v. McWilliams, supra, and Farmers' State Bank v. Hager, supra. The question involved is not whether the movants have an absolute right to such a change but whether the trial judge abused his discretion in denying it. Kramer v. Heins, supra.

The trial court exercised its discretion and denied the motion. The defendants have a statutory right to have the case against them tried in the county in which they live. This right should not be taken away except for good cause shown. Some of the defendants' witnesses will be inconvenienced if the place of trial is changed to Cass County or Traill County. We find there is a reasonable basis for the decision made by the trial court and it is not for this court to reverse the decision. The order denying the motion for change of venue is affirmed.

MORRIS, C. J., and STRUTZ, BURKE and ERICKSTAD, JJ., concur.