Ben KNOEPFLE, Plaintiff and Respondent,

v.

Edwin SUKO, Executor of the Last Will of
Reinhold Suko, Deceased, Defendant
and Appellant.

No. 7991.

Supreme Court of North Dakota.

March 22, 1962.

See also 108 N.W.2d 456.

Duffy & Haugland, Devils Lake, for defendant and appellant.

Hjellum, Weiss, Nerison & Ottmar, Jamestown, for plaintiff and respondent.

STRUTZ, Judge.

This is an appeal from an order of the trial court denying a motion for change of venue. The action arose out of a collision of motor vehicles on the public highways of this State in which the plaintiff was driver of one of the vehicles. This action was commenced by the plaintiff against the estate of Reinhold Suko, driver of the other vehicle. A second action against the Suko estate was commenced by George Fisher, a passenger in the plaintiff's car. These actions were tried separately, and verdicts were returned for the plaintiff in each of

them. The verdict in each case was reversed on appeal, and a new trial was granted. Thereafter, the Fisher action was tried a second time, and judgment for the plaintiff was affirmed by this court on appeal.

The motion for change of venue was based upon the proposition that, the Fisher case having been tried twice in Stutsman County and this action having been tried once, a fair and impartial trial of the action could not be had in that county. Supporting affidavits, one by the executor of the last will and testament of Reinhold Suko, one by the defendant's attorney, one by an attorney who formerly represented the defendant in this matter, and nine by private citizens, were submitted in support of the defendant's motion. From an order denying the motion for change of venue, the defendant brings this appeal.

■ Under provisions of our statute, the trial court may change the place of trial of a civil action when there is reason to believe that an impartial trial cannot be had in the county where the action is pending. Sec. 28-04-07, subsec. 2, N.D.C.C. An application for change of place of trial, in the interests of promoting the ends of justice, is addressed to the sound, judicial discretion of the trial court, and an order of the trial court on such motion, either granting or denying the same, will not be overruled or disturbed on appeal in the absence of a manifest abuse of discretion. Hovland v. Waller (N.D.), 98 N.W.2d 893; Swiggum v. Valley Inv. Co., 73 N.D. 765, 19 N.W.2d 569; Boeren (Booren) v. McWilliams, 33 N.D. 339, 157 N.W. 117.

■ The general rule is that no abuse of discretion will be presumed or inferred because some persons in the county may have a prejudice in the case, if, notwithstanding such persons, a fair and impartial trial can be had within the county. Whether or not a fair trial can be had is a fact to be determined by the trial court in the exercise of his discretion.

Here the defendant, his attorney, a former attorney, and nine other persons state by affidavit that it is their opinion that the defendant cannot have a fair and impartial trial in Stutsman County. Various matters are set out in the affidavits in support of defendant's motion. The defendant, in his affidavit, points out that his case has been tried once before and that the Fisher case has been tried twice, and that therefore thirty-six jurors from various parts of Stutsman County have heard and passed upon the merits of the litigation; that other jurors were present in court during the various trials; and that the sheriff has been a witness for the plaintiff in each of the trials and has exhibited a strong prejudice in favor of the plaintiff and against the defendant, and that, by virtue of his office and wide acquaintance in the county, he exercises undue influence on the members of the jury panels.

The affidavit of the counsel for the defendant states that a controversy arose between the sheriff and the defendant as to facts of the case, and that the defendant and his relatives attempted to defeat the sheriff for re-election but were not successful.

All of these matters are facts which the trial court considered in passing upon defendant's motion for change of venue. There is no showing that the sheriff has tried to use undue influence on any member of any of the jury panels, or that he even discussed the facts of the lawsuit with anyone outside the courtroom.

The nine affidavits signed by private individuals are identical; in fact, eight of them are carbon copies of the one original. Not one of these affiants states one independent fact as to why he feels that the defendant cannot have a fair and impartial trial in Stutsman County. These nine affidavits are identical in form and wording, the only differences being the names of the persons who signed them. No mention is made by any of the affiants of what part of the county constitutes "his area of Stuts-

.man County"; no mention is made of one independent fact that has caused the affiant in any one of the nine affidavits to reach the conclusion that the defendant cannot have a fair and impartial trial in the county. While it is true that these affidavits were signed before several notaries, so far as the record discloses it could be that every one of the affiants lives in the same area of the county, perhaps even in the same block in Jamestown.

 The burden is on the moving party to show that he cannot receive a fair and impartial trial in the county from which a transfer of the case is sought. This court, following the holding of courts generally, has held that, unless there is a manifest abuse of discretion, the ruling of the trial court on such motion will not be disturbed on appeal.

While we might be inclined to feel that, on the showing made, after three trials in Stutsman County, it perhaps would have been wiser for the trial court to grant the defendant's motion, the question of whether a change of venue is necessary to obtain a fair and impartial trial is not a question of law. It is a question of fact which the presiding judge, having knowledge of all of the facts and circumstances of the case, is in a much better position to pass upon than is the appellate court.

Stutsman County is a large county, having an area of approximately 2,282 square miles and a population of 25,137. The fact that some phase of this matter has been submitted to three juries of the county does not in itself prove that a fair and impartial trial of this case cannot be had in that county. There is only one question to be determined on this appeal, and that is: Did the trial court abuse its discretion in denying the defendant's motion for change of place of trial? The burden is on the defendant as the moving party. On the record before us, we believe that the defendant has failed to show that the trial court did abuse its discretion. The order of the district court denying the motion for change of venue therefore is affirmed.

SATHRE, C. J., and MORRIS, BURKE and TEIGEN, JJ., concur.