EVELYN FARA v. GREAT NORTHERN RAILWAY COMPANY
AND ANOTHER.

130 N. W. (2d) 142.

July 24, 1964—No. 39,553.

*DeParcq & Anderson*, for relator.

*Ralph T. Lilly, Anthony Kane, D. E. Engle*, and *Richard V. Wicka*, for respondents.

PER CURIAM.

Upon plaintiff's petition in her action claiming damages for personal injuries arising out of a grade-crossing accident we issued an alternative writ of mandamus to review the order of the District Court of St. Louis County and the Honorable J. K. Underhill, judge thereof, granting defendant railway company's motion for a change of venue from St. Louis County to either Kanabec or Pine County at plaintiff's option.

Considering only those facts presented to the trial court, as required by Thies v. Midland Co-op. Wholesale, Inc. 254 Minn. 369, 95 N. W. (2d) 307, we are of the opinion that the court did not abuse its discretion by ordering the change of venue. Since it is not shown that the trial of the action was thereby delayed, we are not prepared to hold that the motion was untimely or that the court was precluded from making its order under Rule 29, Code of Rules for the District Court.[1]

The change was ordered pursuant to Minn. St. 542.11(4) to promote the convenience of witnesses and the ends of justice. One factor considered by the court in ordering a change was the possibility that the jury may be granted a view of the scene. This is a proper factor to consider in venue motions, and in the absence of prejudice or inconvenience to plaintiff, it could be given weight in determining the motion. Miller v. Anchor Cas. Co. 233 Minn. 87, 45 N. W. (2d) 705. Inasmuch as the facts

[1]Minn. St. 1961, p. 4940; Thon v. Erickson, 232 Minn. 323, 45 N. W. (2d) 560.

before the trial court were susceptible of supporting an order either granting or denying the defendant's motion, a clear abuse of discretion is not shown, and we decline to interfere.

Writ discharged.