Jay HANSON, by his next friend, Sandra Hanson, and Sandra Hanson, Plaintiffs and Appellees,

v.

GARWOOD INDUSTRIES, Defendant,

and

City of Jamestown, a Municipal Corporation, Defendant and Appellant.

Civ. No. 9601.

Supreme Court of North Dakota.

May 22, 1979.

Kenneth M. Moran, Jamestown, and Odell M. Astrup, Fargo, for plaintiffs and appellees; argued by Kenneth M. Moran, Jamestown.

Hjellum, Weiss, Nerison, Jukkala & Vinje, Jamestown, for defendant, Garwood Industries.

Vogel, Branter, Kelly, Knutson, Weir & Bye, Fargo, for defendant and appellant, City of Jamestown; argued by Carlton J. Hunke, Fargo.

ERICKSTAD, Chief Justice.

The City of Jamestown appeals from a district court order granting the plaintiffs, Jay Hanson, through his mother, Sandra Hanson, and Sandra Hanson (hereinafter plaintiff), a change of venue from Stutsman to Burleigh County. The motion was granted pursuant to Section 28–04–07(2), N.D.C.C.,[1] on the grounds that an impartial trial could not be held in Stutsman County because the City of Jamestown was a defendant in the action. We reverse.

Plaintiff, Jay Hanson, six years old, was allegedly injured when he pulled himself up on a garbage dumpster owned by the City of Jamestown and manufactured by the defendant Garwood Industries, and the dumpster fell on him. By complaint dated October 10, 1978, plaintiff brought this action against Garwood Industries alleging negligence, breach of warranty, and strict liability in the manufacture and sale of the dumpster and against the City of Jamestown alleging negligence and strict liability in the maintenance of the dumpster.

The plaintiff subsequently moved to amend the complaint to assert punitive damages against the City of Jamestown and also moved to change venue from Stutsman to Burleigh County. The plaintiff's attorney filed the only affidavit in support of the motion for change of venue and it provided in relevant part:

"That he is the attorney for Plaintiffs in the above matter and makes this Affidavit on their behalf;

"That affiant believes the proper method of changing venue from a county in which, as here, one of the Defendants in the putative jury trial is the major city in that county, is to first bring the action in that otherwise proper county and then, as here, move to change venue–on the ground there is obvious reason to believe an impartial trial cannot be had in Stutsman County (Section 28–04–07(2)); clearly an impartial trial could not be conducted by jurors who are taxpayers of Defendant city which might well have to respond in money damages to Plaintiffs;"

The district court granted the plaintiff's motion for change of venue and the City of Jamestown appeals contending that the plaintiff made an insufficient showing that a fair and impartial trial could not be held in Stutsman County.

■ An order granting a change of venue is an appealable order. *Robertson Lbr. Co. v. Jones*, 13 N.D. 112, 99 N.W. 1082 (1904).

■ Where the proper county for trial is that of the defendant's residence, the defendant has a right to have the action tried in that county subject to the power of the court to change the place of trial as provided by statute. Section 28–04–05, N.D.C.C.; *American State Bank of Dickinson v. Hoffelt*, 246 N.W.2d 484, 487 (N.D. 1976); *Bartholomay v. St. Thomas Lumber Company*, 124 N.W.2d 481, 484 (N.D.1963). *See also* Section 28–04–03, N.D.C.C. Section 28–04–07(2), N.D.C.C., provides that the court may change venue "[w]hen there is reason to believe that an impartial trial cannot be had therein." In making this determination, the district court is accorded much discretion and "an order of the trial court on such motion, either granting or denying the same, will not be overruled or

1. "28–04–07. *Court may change venue—Cases.*—The court may change the place of trial in the following cases:
    1. When the county designated for that purpose in the complaint is not the proper county;
    2. When there is reason to believe that an impartial trial cannot be had therein;
    3. When the convenience of witnesses and the ends of justice would be promoted by the change;
    4. When upon the call of the calendar at any regular or special term there appears to be an insufficient number of jury cases for trial to warrant the expense of a jury, the court, on application of any party to such an action, or on its own motion, taking into consideration the convenience of witnesses and the promotion of justice, may order the transfer of such jury cases as are on the calendar to any county within the judicial district where a jury session of court will be held in the immediate future, so that a prompt trial of such cases may be had."

disturbed on appeal in the absence of a manifest abuse of discretion." *Knoepfle v. Suko,* 114 N.W.2d 54, 55 (N.D.1962). The burden is on the moving party to show that a fair and impartial trial cannot be held in the county from which the transfer is sought. *Knoepfle v. Suko, supra* at 56.

The City of Jamestown argues that the plaintiff did not meet his burden of showing that an impartial trial cannot be held in Stutsman County; consequently, the district court abused its discretion in granting the motion for change of venue. The plaintiff responds that the court should take judicial notice of the population of the City of Jamestown in proportion to the population of Stutsman County. Because many of the prospective jurors are taxpayers and residents of Jamestown,[2] the plaintiff contends the prospective jurors would have a financial interest in the outcome of the case; therefore, venue was properly changed.

The narrow issue for our determination is whether or not the district court abused its discretion in granting a change of venue based upon a single affidavit stating that an impartial trial cannot be held in a county in which one of the defendants is a major city of that county.

In *Maier v. City of Ketchikan,* 403 P.2d 34 (Alaska 1965), *overruled on other grounds, Johnson v. City of Fairbanks,* 583 P.2d 181 (Alaska 1978), the Supreme Court of Alaska dealt with a similar question. In *Maier,* the plaintiff brought an action originally venued in Juneau against the City of Ketchikan for injuries sustained when a metal survey rod he was holding came into contact with an electrical power line owned by the city.

A lower court granted the city's motion for change of venue from Juneau to Ketchikan and following a denial of the plaintiff's motion to change venue back to where it was originally venued, the plaintiff appealed contending that an impartial trial could not be held in Ketchikan. The Alaska Supreme Court rejected the plaintiff's argument:

"[A]ppellant contends that an impartial trial cannot be had in Ketchikan. His reasons are that most of the prospective jurors are taxpayers and residents of Ketchikan and would have an interest of a financial nature in the outcome of the case, and that the jurors also are customers of the city-owned Ketchikan Public Utilities and it might appear to them that a large judgment for appellant would increase the electrical rates that they would be obliged to pay.

"We hold that the factors mentioned by appellant are not in themselves sufficient to show that an impartial trial cannot be had in Ketchikan, so that it would be held an abuse of the trial court's discretion to refuse to change the venue to the City of Juneau or some other place. If in order to require a court to change venue it was only necessary to show that an action was one against a municipality and that the prospective jurors were taxpayers or users of a municipal utility, it would mean that no action could be tried in the municipality involved over a plaintiff's objection, but would have to be sent elsewhere for trial. This would not be in the best public interest, because it would result in imposing the burden of jury duty upon the people of a community that has no relation to the litigation. As the United States Supreme Court has stated: [citing *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 509, 67 S.Ct. 839, 91 L.Ed. 1055, 1062–63 (1947)]

'In cases which touch the affairs of many persons, there is reason for holding the trial in their view and reach rather than in remote parts of the country where they can learn of it by report only. There is a local interest in having localized controversies decided at home.'" 403 P.2d at 39–40.

*See also School District No. 1 v. Globe and Republic Ins. Co.,* 142 Mont. 220, 383 P.2d 482 (1963); Section 28–14–06(5), N.D.C.C.; and Annot., 81 A.L.R.2d 708 (1962) and Later Case Service.

---

**2.** Plaintiff submits that pursuant to the 1970 census, Stutsman County had a population of 23,550 and the City of Jamestown, 15,380 or 65% of the population of the county.

We agree that an affidavit which merely asserts that an action is one against a municipality and that prospective jurors are taxpayers of that municipality is insufficient to effect a change of venue pursuant to Section 28–04–07(2), N.D.C.C. In *Bartholomay v. St. Thomas Lumber Company*, *supra* at 485, we stated that the "defendants have a statutory right to have . . [a] case against them tried in the county in which they live" and that "[t]his right should not be taken away except for good cause shown." Although we will not disturb the trial court's order for change of venue on appeal in the absence of manifest abuse, we will consider "whether a reasonable and intelligent basis for the decision rendered is shown in the affidavits." We do not believe that a sufficient showing was made in this case. For an example of the principle involved in a criminal case, *see Olson v. North Dakota Dist. Court*, 271 N.W.2d 574 (N.D.1978).

In *American State Bank of Dickinson v. Hoffelt, supra*, we affirmed the district court's denial of plaintiffs' motion for change of venue made on the grounds that the change would promote the convenience of witnesses and the ends of justice. Section 28–04–07(3), N.D.C.C. In so holding, we stated that "if the motion for change of venue would have been granted by the trial court, based solely on the affidavits presented by the . . . [plaintiffs], a strong argument could have been made that it constituted a clear abuse of discretion." We noted that the plaintiffs' affidavits did not set forth "with requisite specificity the names of those individuals expected to be called as witnesses, nor the substance of the testimony to be given by them, and whether that testimony is necessary and material." Thus, we have recently held that an affidavit in support of a motion for change of venue may not state only conclusions but "must state facts upon which the trial court can make its determination. It must also contain specifics, rather than mere generalities." *American State Bank of Dickinson v. Hoffelt*, 246 N.W.2d at 486–87. The affidavit in this case falls short of this requirement. *See*

*also Putnam Ranches v. O'Neill Production Credit*, S.D., 271 N.W.2d 856 (1978).

To hold otherwise would acknowledge that a fair trial cannot be held in a county in which the county's major city is a defendant. In *Falkenstein v. City of Bismarck*, 268 N.W.2d 787 (N.D.1978), we affirmed a judgment of the Burleigh County District Court against the City of Bismarck. Although the question of venue was not raised in *Falkenstein*, the case does serve to rebut the contention that a fair trial cannot be held under these circumstances.

In so holding, we are mindful of our decision in *Sheridan County v. Davis*, 61 N.D. 744, 240 N.W. 867 (1932), but find that it is not controlling in this case. In *Sheridan County*, the county of Sheridan brought a condemnation action against the defendant seeking to condemn a parcel of land containing gravel that the county needed in the construction of highways. Following a judgment favorable to the county, the defendant appealed to this court. Although this court reversed the lower court's judgment and granted a new trial on other grounds, it also commented on defendant's contention that an impartial trial could not be held in Sheridan County because the entire jury would consist of taxpayers. The court stated that "it cannot be said as a general proposition that the interests of a juror as a taxpayer in the outcome of a suit against a public corporation disqualifies him from acting." This court, however, also stated that the lower court may not have wisely exercised its discretion in denying a change of venue in that case because the entire jury would consist of taxpayers. In the present case, the only ground asserted for change of venue, is that the defendant is a major city in the county and that some potential jurors are taxpayers of the city. Our holding in this case based on these facts is consistent with this court's statement in *Sheridan County* noted earlier.

We conclude that the trial court abused its discretion and accordingly reverse its order granting change of venue.

SAND, PAULSON, PEDERSON and VANDE WALLE, JJ., concur.