Harold Eugene MARSHALL,
Plaintiff and Appellant,

v.

CITY OF BEACH, a Municipal Corporation; County of Golden Valley, a Political Subdivision of the State of North Dakota, Defendants and Appellees.

Harold Eugene MARSHALL,
Plaintiff and Appellant,

v.

CITY OF BEACH PARK DISTRICT,
Defendant and Appellee.

Civ. Nos. 9728, 9729.

Supreme Court of North Dakota.

June 20, 1980.

Shaft, McConn, Fisher & Thune, Grand Forks, for plaintiff and appellant; argued by Patrick W. Fisher, Grand Forks.

Mackoff, Kellogg, Kirby & Kloster, Dickinson, for defendant and appellee City of Beach; argued by Paul G. Kloster, Dickinson.

Cahill, Gunhus, Grinnell, Jeffries, Klinger, Vinje & Swenson, Moorhead, Minn., for defendant and appellee County of Golden Valley; submitted on a brief.

Pearce, Anderson & Durick, Bismarck, for defendant and appellee City of Beach Park District; argued by Christine Hogan, Bismarck.

ERICKSTAD, Chief Justice.

This is an appeal from an order of the Golden Valley District Court, Southwest Judicial District, which denied the plaintiff's motion for a change of venue. We affirm.

The plaintiff, Harold Eugene Marshall, was seriously injured in a diving accident at the swimming pool in the City of Beach, North Dakota, on July 22, 1976. The pool was owned and operated by the City of Beach, the City of Beach Park District, and

Golden Valley County [hereinafter referred to collectively as the City of Beach]. As a result of the mishap, Marshall was left a quadriplegic. On January 13, 1978, Marshall commenced a lawsuit against the City of Beach and alleged that the City was negligent in the operation and supervision of the pool. The actions were originally venued in Grand Forks County, but, pursuant to stipulation, venue was changed to Golden Valley County. The stipulation reserved to Marshall the right to later demand a change of venue pursuant to Section 28–04–07, N.D.C.C.[1]

On September 22, 1978, Marshall filed a motion for change of venue "from Golden Valley County to Grand Forks County, or such other county as the Court may deem just" on the grounds that "an impartial trial cannot be obtained in Golden Valley County and that the convenience of the witnesses and the ends of justice will be promoted by such change of venue." A hearing on the motion was held August 2, 1979, wherein the district court considered the pleadings, affidavits, briefs, and arguments offered in support of, and in opposition to, the motion for change of venue. An order denying the motion was issued on October 5, 1979, and Marshall has appealed to this court from that order.

■ An order which grants or denies a motion for change of venue is appealable. *Basin Elec. Power Co-op v. Boschker*, 289 N.W.2d 553 (N.D.1980).

■ Where the proper county for trial is that county where the defendant or one of the defendants resides at the time the action is commenced, the defendant has the statutory right to have the action tried in that county "subject to the power of the

court to change the place of trial as provided by statute." Section 28–04–05, N.D. C.C.; *Hanson v. Garwood Industries*, 279 N.W.2d 647 (N.D.1979). A court may change the place of trial "[w]hen there is reason to believe that an impartial trial cannot be had . . ." in the county or "[w]hen the convenience of witnesses and the ends of justice would be promoted by the change." Section 28–04–07(2) and (3), N.D.C.C.

■ A motion for a change of venue is addressed to the sound judicial discretion of the trial court. An order of the trial court which either grants or denies such a motion will not be overruled on appeal in the absence of a manifest abuse of discretion. *Basin Elec. Power Co-op v. Boschker*, 289 N.W.2d at 555; *Knoepfle v. Suko*, 114 N.W.2d 54, 55 (N.D.1962). The burden is on the moving party to demonstrate and establish such facts as will warrant the change. *Hanson v. Garwood Industries*, 279 N.W.2d at 649.

The narrow issue for our determination is whether or not the district court abused its discretion when it denied Marshall's motion for a change of venue.

■ Three affidavits were offered in support of Marshall's motion for a change of venue. The affidavits of Donald Barcome, M. D., and Arvid J. Houglum, M. D., reveal that they are physicians who attended to Marshall during the time he was a patient at the Rehabilitation Hospital in Grand Forks, North Dakota, and at the skilled nursing unit at United Hospital, also in Grand Forks. The affidavit of Donald Barcome, M. D., provides in relevant part:

"4. That due to my duties as Medical Director I would be unable to testify in

1. "28–04–07. *Court may change venue— Cases.*—The court may change the place of trial in the following cases:
    1. When the county designated for that purpose in the complaint is not the proper county;
    2. When there is reason to believe that an impartial trial cannot be had therein;
    3. When the convenience of witnesses and the ends of justice would be promoted by the change;
    4. When upon the call of the calendar at any regular or special term there appears to

be an insufficient number of jury cases for trial to warrant the expense of a jury, the court, on application of any party to such an action, or on its own motion, taking into consideration the convenience of witnesses and the promotion of justice, may order the transfer of such jury cases as are on the calendar to any county within the judicial district where a jury session of court will be held in the immediate future, so that a prompt trial of such cases may be had." § 28–04–07, N.D.C.C.

person at a trial in Beach, North Dakota, as that would most probably involve not less than two days away from work due to the travel time required.

"5. That I would be available to give testimony at trial if the trial were held in Grand Forks County, North Dakota.

"6. That Harold Eugene Marshall is a quadriplegic."

The affidavit of Arvid J. Houglum, M. D., also provides the following relevant facts:

"5. That due to duties imposed by his employment the affiant would not be able to attend a trial in Beach, North Dakota for the purpose of giving testimony on the Plaintiff's behalf and that any testimony from him would have to be given by deposition unless the trial was held in the immediate local area.

"6. That Harold Eugene Marshall is a quadriplegic and requires skilled nursing care.

"7. That Harold Eugene Marshall is presently regularly scheduled in a physical therapy program."

The only additional supporting affidavit is that of Bette Driscoll, supervisor of the skilled nursing unit at United Hospital in Grand Forks. Her affidavit reveals that Marshall is a quadriplegic whose condition and requirements she is familiar with. The affidavit further provides in pertinent part:

"4. That as the result of Harold Eugene Marshall's paralysis he requires skilled nursing care and general assistance which includes

(a) assistance in dressing and undressing;

(b) assistance in transferring from bed to wheelchair;

(c) removal and placement of catheter. Catheter needs attention 2 to 3 times a day as well as removal in the evening and replacement in the morning.

(d) insertion of suppositories every other day;

(e) special placement in bed at night so as to avert skin ulcers;

(f) placement of urinal while sleeping;

"5. That due to her work responsibility it would work an extreme hardship upon her to have to travel to Beach, North Dakota or any other location requiring an overnight stay to give testimony concerning the condition and care required by Harold Eugene Marshall."

To support his contention that a fair and impartial trial cannot be had in Golden Valley County, Marshall's attorney offered no evidence or supporting affidavits. Instead, he asserted in a brief to the district court that there was an implied bias because all potential jurors would be from Golden Valley County and it was "highly probable that a number of the jurors selected will be from the City of Beach." Marshall argues that most, if not all, of the prospective jurors would be taxpayers and residents of the City of Beach and Golden Valley County and would have an interest of a financial nature in the outcome of the case. Counsel for Marshall stated in his brief to this court that "the inherent nature of the prejudice involved in a situation where the jurors have a financial interest in the outcome of the case does not lend itself to proof by affidavits but rather should be obvious to all concerned."

Opposition to the motion came in the form of thirteen affidavits from long-time residents of the Beach community and Golden Valley County. The affiants were persons who, it was asserted, as a result of their long-term residency and position in the community and county, had developed an understanding of the feelings and attitudes of local residents. The affiants included the mayor; the county treasurer; the city and county auditor; a priest and superintendent of the Home on the Range for Boys (the institution located near Sentinel Butte, North Dakota, where Marshall was residing at the time of the accident); a teacher and an employee at the institution; farmers; insurance agents; a former county abstractor; and a local Beach attorney.

All of the above-mentioned affiants indicated that the swimming pool accident which occurred in Beach in July, 1976, and the ensuing lawsuit, were not topics of general interest and discussion throughout the county. They further stated that no public hostility, animosity, bias, or prejudice exists against any of the parties involved. All of the affiants expressed the view that Mar-

shall could receive a fair and impartial trial in Golden Valley County.

The record further reveals that a vast majority of the witnesses expected to testify at trial are residents of the Beach community, and particularly Golden Valley County. The record discloses that these witnesses, which include several of the above-mentioned affiants, would incur considerable hardship, expense, and inconvenience if venue were changed from Golden Valley County.

In addition, the record shows that a view of the accident scene by the jury, *i. e.*, the swimming pool and diving board area in Beach, may be desirable and necessary. A change of venue from Golden Valley County would virtually preclude such a showing or at least render it impractical. *See Fara v. Great Northern Ry. Co.*, 269 Minn. 573, 130 N.W.2d 142 (1964).

We believe that our decision in *Hanson v. Garwood Industries*, 279 N.W.2d 647 (N.D. 1979), is significant with respect to Marshall's contention that a fair and impartial trial cannot be had in Golden Valley County because of taxpayer prejudice.

We held in *Hanson* at 650, that "an affidavit which merely asserts that an action is one against a municipality and that prospective jurors are taxpayers of that municipality is insufficient to effect a change of venue pursuant to Section 28–04–07(2), N.D.C.C."

In *Hanson*, at 649, we quoted extensively from *Maier v. City of Ketchikan*, 403 P.2d 34 (Alaska 1965), *overruled on other grounds, Johnson v. City of Fairbanks*, 583 P.2d 181 (Alaska 1978), wherein the Supreme Court of Alaska said:

" 'If in order to require a court to change venue it was only necessary to show that an action was one against a municipality and that the prospective jurors were taxpayers or users of a municipal utility, it would mean that no action could be tried in the municipality involved over a plaintiff's objection, but would have to be sent elsewhere for trial. This would not be in the best public interest, because it would result in imposing the burden of jury duty upon the people of a community

that has no relation to the litigation. As the United States Supreme Court has stated: [citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 509, 67 S.Ct. 839, 91 L.Ed. 1055, 1062–63 (1947)]

"In cases which touch the affairs of many persons, there is reason for holding the trial in their view and reach rather than in remote parts of the country where they can learn of it by report only. There is a local interest in having localized controversies decided at home." ' 403 P.2d at 39–40."

Furthermore, Section 28–14–06, N.D.C.C., sets forth the grounds of a challenge for cause to a juror and provides the following relevant grounds:

"28–14–06. *Challenges for cause— Grounds.*—Challenges for cause may be taken on one or more of the following grounds:

\*　　\*　　\*　　\*　　\*　　\*

5. Interest on the part of the juror in the event of the action, or in the main question involved in the action, *except his interest as a member or citizen of a municipal corporation* ;" (Emphasis added.)

A county has been deemed to be a "municipal corporation" for purposes of this statutory provision respecting challenges of jurors. *Sheridan County v. Davis*, 61 N.D. 744, 240 N.W. 867 (1932).

This statutory provision recognizes that where juror interest in the outcome of a suit extends no further than to affect him as an ordinary taxpayer, the resident or taxpayer is still a competent juror not subject to a challenge for cause. 61 N.D. at 753, 240 N.W. at 871. Whether or not their interest as taxpayers will impair their ability to act fairly and impartially is, nevertheless, a proper subject of inquiry on voir dire examination. *Ridglea, Inc. v. Unified School Dist.*, 206 Kan. 111, 476 P.2d 601 (1970).

For these reasons, as well as consideration for the conflicting affidavits offered in resistance to the motion, we do not believe a sufficient showing has been made in this case that a fair and impartial trial cannot be had in Golden Valley County. To hold

**628**

otherwise would acknowledge that a fair and impartial trial can never be had in a county where the county itself is a named defendant.

The second ground raised by Marshall in support of his motion for a change of venue is that the convenience of witnesses and the ends of justice would be promoted by the change. A review of the record and affidavits offered in support thereof is unpersuasive.

The burden of proof imposed upon the moving party obligates Marshall to affirmatively establish facts which warrant a change of venue. This burden requires a showing that *both* the convenience of witnesses and the ends of justice would be promoted by such a change. *American State Bank of Dickinson v. Hoffelt*, 246 N.W.2d 484, 486 (N.D.1976). Although the convenience of Marshall's medical experts is a proper factor for the trial court's consideration, the convenience of medical experts should not be given undue weight and consideration to the exclusion and subordination of all other material witnesses. We have also held that parties themselves are not ordinarily considered witnesses in an application for a change of venue on the ground of convenience of witnesses. *American State Bank of Dickinson v. Hoffelt*, 246 N.W.2d at 487; *Hovland v. Waller*, 98 N.W.2d 893 (N.D.1959); *Kiley v. Meckler*, 57 N.D. 217, 220 N.W. 926 (1928). Nevertheless, we recognize that there are exceptions to this rule. *See* Annot., 74 A.L.R.2d 16, 89–99 (1960).

The affidavits and memorandum brief submitted to the district court in support of the motion for a change of venue do not set forth with requisite specificity the facts necessary to show exceptional circumstances which would justify a change of venue from Golden Valley County to another county in the state. We recognize that Marshall's quadriplegic condition will present some problems no matter where the trial is held. The record before us, although it discloses his needs for special care, does not indicate that he cannot receive that care while being transferred to Beach or while there for the trial.

We encourage the district court to allow liberal voir dire examination in order to disclose the existence of any prejudice or bias on the part of potential jurors. If the voir dire examination of potential jurors reveals the impossibility of empaneling a fair and impartial jury, Marshall may renew his motion for a change of venue at that time. *See Basin Elec. Power Co-op v. Boschker*, 289 N.W.2d at 559–60.

We do not believe the district court abused its discretion in denying the motion for a change of venue. The order of the district court is affirmed.

VANDE WALLE, PEDERSON, PAULSON and SAND, JJ., concur.