**Dee Ann HAUGO, as Agent of the Conservator of the Estate of Bonnie Lou Haugo, Plaintiff and Appellee,**

v.

**Kjell HAALAND and Charlotte Haaland, d.b.a. Coachman Inn, and Cooperstown Municipal Association, d.b.a. Oasis Bar, Defendants and Appellants.**

**Civ. No. 10592.**

Supreme Court of North Dakota.

May 17, 1984.

Conmy, Feste, Bossart, Hubbard & Corwin, Fargo, for plaintiff and appellee; argued by Kim E. Brust, Fargo.

O'Grady, Morley & Morley, Grand Forks, for Coachman Inn; Letnes, Marshall, Fiedler & Clapp, Grand Forks, for Oasis Bar, defendants and appellants; argued by Cameron W. Hayden, Grand Forks.

SAND, Justice.

Defendants Kjell Haaland and Charlotte Haaland, d.b.a. Coachman Inn (Coachman), and Cooperstown Municipal Association, d.b.a. Oasis Bar (Oasis), appealed from an order granting a motion for a change of venue in .an action brought by Dee Ann Haugo (Haugo), as agent of the conservator of the estate of Bonnie Lou Haugo.

Haugo brought the underlying action to recover damages for injuries sustained by Bonnie Lou Haugo in an automobile accident which occurred in the early morning of 6 June 1981. Haugo was a passenger in an automobile driven by Dennis Hovde which left State Highway 45 north of Cooperstown and rolled over.

Haugo commenced the action under North Dakota's Dram Shop statute, North Dakota Century Code § 5–01–06, alleging

that Coachman and Oasis illegally sold alcoholic beverages to Hovde while he was intoxicated. Haugo subsequently made a motion for a change in venue from Griggs County to Grand Forks County. Haugo alleged that she could not receive an impartial trial in Griggs County.

The plaintiff and each defendant submitted briefs and numerous affidavits in connection with the motion. The trial court granted Haugo's motion and Coachman and Oasis appealed.

Basically, a defendant has a statutory right to have the action tried in the county of his residence "subject to the power of the court to change the place of trial as provided by statute." North Dakota Century Code § 28-04-05. A court may change the place of trial "When there is reason to believe that an impartial trial cannot be had ..." in the county. NDCC § 28-04-07(2).

■ The burden is upon the movant to demonstrate that the facts warrant the change. *Marshall v. City of Beach*, 294 N.W.2d 623, 625 (N.D.1980).

■ The granting or denying of a motion for a change of venue is within the sound discretion of the trial court. *Marshall, supra.* The decision of the trial court will not be overturned on appeal unless an abuse of discretion is shown. *Ibid.* An abuse of discretion is found if the court acted unreasonably, arbitrarily, or unconscionably. *Wall v. Pennsylvania Life Ins. Co.*, 274 N.W.2d 208, 218 (N.D. 1978).

■ Generally, no abuse of discretion will be presumed or inferred where there are conflicting affidavits. *Boeren v. McWilliams*, 33 N.D. 339, 345, 157 N.W. 117, 119 (1916). Further, the fact that a number of persons in any particular county have a bias or prejudice against the defendant will not justify a change of venue against the objections of the adverse party, if, notwithstanding the bias or prejudice of such persons, a fair and impartial trial can be had in that county. *Ibid.* The question of whether or not a change of venue is necessary to obtain a fair and impartial trial is a question of fact. *Knoepfle v. Suko*, 114 N.W.2d 54, 56 (N.D.1962). Although we will not disturb the trial court's order for a change of venue in the absence of an abuse of discretion, we will consider whether a reasonable and intelligent basis for the decision is shown in the affidavits. *Hanson v. Garwood Industries*, 279 N.W.2d 647, 650 (N.D.1979).

The plaintiff submitted affidavits from four individuals, her attorney, a minister, a police officer, and one of the defendant's sisters. The defendants submitted affidavits from nine individuals, their attorney, a sheriff, a postmaster, two businessmen, a banker, the president of the municipal liquor association, a school superintendent, and one of the defendants, Charlotte Haaland. Nearly all of the affiants asserted that because of their long-term residency and position in Cooperstown or its vicinity, they had developed an understanding of the attitude of local residents.

The plaintiff's affiants alleged that the enforcement of alcohol-related laws is a matter of general public concern in Griggs County and that the topic has been discussed at numerous civic meetings. The plaintiff's affiants stated that the general attitude in the area is that strict enforcement of alcohol-related laws has an adverse effect upon business. Two of the affiants stated that their beliefs were supported by their understanding that the Cooperstown municipal court "routinely" granted deferred imposition of sentences in DUI cases. Police officer James Maloney attached a copy of a May 1983 Cooperstown newspaper article to his affidavit which reported on a Cooperstown City Council meeting concerning charges that city Judge Dallas Larson was not adequately enforcing state DUI laws. The article reports city attorney Warren Stokes as saying that the municipal court had been deferring sentences for one year and assessing costs, and that if there had been a previous conviction, the driver was sent for counseling. The article quotes Stokes as saying that "In effect what we are saying

is that we will forgive one mistake but we don't want it to happen again."

Another affiant claimed that she had seen "a card ... passed throughout the city ... which state[d]: 'Quench Cooperstown's thirst, support DAMM—Drunks Against Mad Mothers.' " She alleged that she had also seen the slogan on T-shirts and baseball caps.

Finally, plaintiff's attorney, David R. Bossart, asserted that because of the financial relationship between the Oasis Bar and the Griggs County Hospital, residents of Griggs County would be reluctant to return a verdict against the bar. Bossart attached a copy of the amended articles of incorporation of the Cooperstown Municipal Association to his affidavit. The articles state that the purpose of the association "is exclusively to promote the social welfare of the inhabitants of ... Cooperstown, and vicinity, and especially to assist in the construction and maintenance of a community hospital"; that in furtherance of that purpose the association "shall operate a liquor store ... without the incentive of profit; all net income to be paid over to Griggs County Hospital Association, or other public enterprises or to the City of Cooperstown." Further, the affidavit noted that the Griggs County Hospital is the only medical facility located in Griggs County.

Bossart also claimed that a disproportionate number of recent Griggs County district court jurors were from Cooperstown or its immediate area and that that would prejudice plaintiff's case because the hospital is located in Cooperstown. Bossart asserted that in three recent pools of prospective Griggs County jurors, the number of Cooperstown residents to non-Cooperstown residents was 11 of 30, 24 of 46, and 25 of 60, respectively.

All of the plaintiff's affiants asserted that the plaintiff would not be able to receive a fair and impartial trial in Griggs County.

The defendant's affiants claimed that residents of the area generally favored strict enforcement of alcohol laws "in a reasonable manner." A few of the affiants stated that residents from nearby communities had expressed "reluctance to come to Cooperstown" because of strict enforcement of alcohol-related laws. All of the defendant's affiants asserted that the plaintiff could receive a fair and impartial trial in Griggs County.

The trial court based its decision primarily upon three grounds; the financial relationship between the Griggs County Hospital and the Cooperstown Municipal Association, the relatively small population of Griggs County from which an impartial jury could be drawn, and the publicity surrounding Judge Larson's disposition of DUI cases.

■ An affidavit which merely asserts that an action is one against a municipality and that prospective jurors are taxpayers of that municipality is insufficient to effect a change of venue pursuant to NDCC § 28–04–07(2). *Marshall v. City of Beach*, 294 N.W.2d 623, 627 (N.D.1980); *Hanson v. Garwood Industries*, 279 N.W.2d 647, 650 (N.D.1979). *Cf.*, NDCC § 28–14–06(5) (challenge for cause may be made upon juror interest, except interest as member or citizen of a municipal corporation).

In *Sheridan County v. Davis*, 61 N.D. 744, 753, 240 N.W. 867, 871 (1932), however, we stated that although jurors may not be subject to challenge for cause on the grounds of taxpayer interest, wise discretion might require a transfer of a case where it appears that every prospective juror will have a small interest as a taxpayer adverse to the moving party. Further, this Court has held that in certain cases where taxpayer interest has been one of several factors in a decision to grant a change of venue, no abuse of discretion was shown. *Linington v. McLean County*, 150 N.W.2d 239 (N.D.1967); *Brace v. Steele County*, 78 N.D. 429, 50 N.W.2d 90 (1951).

■ In the present case a conceivably prejudicial interest comparable to a "taxpayer interest" exists because one of the primary purposes of the Cooperstown Municipal Association is to provide financial

assistance to the Griggs County Hospital Association. Furthermore, there is evidence in the record to indicate that the residents are generally aware of that relationship. One of the defendant's affiants stated that although he believed that the amount of money channeled to the hospital was small, "It was [his] understanding, and [he] believe[d] the understanding of the community, that Oasis bar does give money to the Griggs County Hospital."

The question of whether or not a jury pool is sufficiently large may be particularly important where a potential interest comparable to a "taxpayer interest" exists. The population of Griggs County is about 3,500 and the population of Cooperstown is about 1,300. The affidavit of David Bossart indicates that significant numbers of potential Griggs County district court jurors have been residents of Cooperstown, the city in which the hospital is located.

Finally, the record indicates that the publicity concerning Judge Larson's disposition of DUI cases has been considerable. The Cooperstown city council meeting referred to in the affidavit of officer Maloney was a meeting called for the sole purpose of discussing Judge Larson's actions. The article reports one councilman as saying that he had heard more commendation than criticism of the city's disposition of DUI cases and that "Other council members voiced agreement."

We believe that the affidavits and exhibits, when considered together, provide a reasonable and intelligent basis for the trial court's decision to grant the change of venue.

■ The defendants also argued that the motion for change of venue should not have been made or considered by the court until after voir dire. In *Marshall, supra,* at 627, we affirmed the order denying a change of venue. There the appellant argued that the prospective jurors would be taxpayers and as such would have a financial interest in the outcome of the case. We then said:

"Whether or not their interest as taxpayers will impair their ability to act fairly and impartially is, nevertheless, a proper subject of inquiry on voir dire examination. *Ridglea, Inc. v. United School Dist.,* 206 Kan. 111, 476 P.2d 601 (1970). This statement is more in the nature of a "last ditch" approach and is appropriate and has application to a denial of a change of venue motion but has no real significance regarding an order granting a change of venue.

We cannot conclude that the trial court acted either unreasonably, arbitrarily, or unconscionably. Accordingly, the decision of the trial court is affirmed.

ERICKSTAD, C.J., and GIERKE, PEDERSON and VANDE WALLE, JJ., concur.